United States Court of Appeals
Fifth Circuit

**F I L E D**

**November 20, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-51133
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

HECTOR ALVAREZ-CEDILLO,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:05-CR-356-ALL
--------------------

Before JOLLY, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Hector Alvarez-Cedillo appeals his guilty-plea conviction
of, and sentence for, violating 8 U.S.C. § 1326 by being found in
the United States without permission after deportation.
Alvarez-Cedillo contends that the district court failed to
properly weigh the sentencing factors set forth in 18 U.S.C.
§ 3553(a) and imposed a term of imprisonment greater than
necessary to meet § 3553(a)'s objectives. After considering the
§ 3553(a) factors, the district court sentenced Alvarez-Cedillo
to a 52-month term of imprisonment, which was within the properly

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

calculated advisory range under the Sentencing Guidelines. Alvarez-Cedillo's sentence is presumptively reasonable, and he has failed to rebut that presumption. United States v. Alonzo, 435 F.3d 551, 554-55 (5th Cir. 2006). Alvarez-Cedillo preserves for further review his argument that the presumption of reasonableness is contrary to United States v. Booker, 543 U.S. 220 (2005).

Alvarez-Cedillo also argues, in light of Apprendi v. New Jersey, 530 U.S. 466 (2000), that his sentence exceeds the statutory maximum sentence allowed for the § 1326(a) offense charged in his indictment. He challenges the constitutionality of § 1326(b)'s treatment of prior felony and aggravated felony convictions as sentencing factors rather than elements of the offense that must be found by a jury.

Alvarez-Cedillo's constitutional challenge is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998). Although he contends that Almendarez-Torres was incorrectly decided and that a majority of the Supreme Court would overrule Almendarez-Torres in light of Apprendi, we have repeatedly rejected such arguments on the basis that Almendarez-Torres remains binding. See United States v. Garza-Lopez, 410 F.3d 268, 276 (5th Cir.), cert. denied, 126 S. Ct. 298 (2005). Alvarez-Cedillo properly concedes that his argument is foreclosed in light of Almendarez-Torres and circuit precedent, but he raises it here to preserve it for further review.

AFFIRMED.